Opinion issued May 13, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01198-CV




MARC COLOSI, Appellant

V.

JIM GUIDRY, Appellee




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 03CV0084




MEMORANDUM OPINION
           This is an interlocutory appeal of the trial court’s order denying the motion of
appellant, Marc Colosi, to compel arbitration of the claims asserted against him by appellee,
Jim Guidry.


 We reverse in part and affirm in part. 
BACKGROUND
           Guidry entered into an agreement with NSI Nursing Solutions, Inc. (NSI) in which
Guidry agreed to find and refer healthcare providers to NSI, who would contract with them
to provide NSI’s recruitment and placement services. NSI agreed to pay Guidry a
commission, depending on the size of the contract NSI signed with the healthcare providers. 
Guidry negotiated this agreement, referred to by the parties as the “Bird-Dog Agreement,”
with Marc Colosi, President and Chief Executive Officer of NSI. The agreement contained
the following arbitration clause:
Any dispute arising out of, under or related to this Agreement shall be
resolved by binding Pennsylvania Arbitration Law and under the rules and
procedures of the Bar Association Alternate Dispute Resolution Program of
Lancaster County, Pennsylvania, which shall have sole venue and jurisdiction.
. . . This provision shall survive any termination, cancellation, rescission or
expiration of this Agreement. 

           Approximately 14 months after executing the Bird-Dog Agreement, Guidry sued NSI
and Colosi for fraudulent inducement and breach of contract. Guidry alleged that Colosi, as
an officer of NSI, had personal knowledge of NSI’s business and, (1) prior to executing the
agreement, had made false statements of past and present facts and false promises of future
performance, (2) knew that the statements and promises were false when made, and (3) made
the statements with the intent to deceive. Guidry also alleged that the statements were
material and were made to induce Guidry to enter into the written agreements with NSI and
that Guidry relied on the statements. Guidry alleged that, after executing the agreement, NSI
and Colosi had made no payment for work performed by Guidry and had, accordingly,
breached the written agreements. 
           Guidry further alleged, “No amount of money can reasonably compensate Plaintiff for
the harm created by Defendant’s fraud and breach of contract” and requested rescission of
the written agreements. In the alternative, Guidry prayed for a judgment for damages. 
           NSI and Colosi filed a motion to compel arbitration and to dismiss the cause for lack
of jurisdiction. The trial court granted the motion to compel arbitration of Guidry’s claims
and causes of action as they related to NSI, but denied the motion as to Colosi and denied the
motion to dismiss. On appeal, Colosi challenges the trial court’s denial of his motion to
compel arbitration. 
DISCUSSION
Standard of Review
           In reviewing a trial court’s denial of a motion to compel arbitration, we use a “no
evidence” standard for factual issues. Ikon Office Solutions, Inc. v. Eifert, 2 S.W.3d 688, 693
(Tex. App.—Houston [14th Dist.] 1999, no pet.). However, we review legal conclusions de
novo. Id. In Texas, there is a strong presumption favoring arbitration. Pepe Int’l Dev. Co.
v. Pub Brewing Co., 915 S.W.2d 925, 930 (Tex. App.—Houston [1st Dist.] 1996, no writ). 
Courts must indulge every reasonable presumption in favor of arbitration and must resolve
all doubts as to the arbitrability of an issue in favor of arbitration. Fridl v. Cook, 908 S.W.2d
507, 511 (Tex. App.—El Paso 1995, writ dism’d). 
Enforceability of the Arbitration Clause
           A party seeking to compel arbitration has the initial burden to establish the existence
of a valid arbitration agreement and to show that the other party’s claims fall within the scope
of the agreement. Williams Indus., Inc. v. Earth Dev. Sys. Corp., 110 S.W.3d 131, 134 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). If the agreement is valid and the claims are within
the scope of the agreement, the trial court must compel arbitration. Pepe Int’l, 915 S.W.2d
at 929. 
           In the present case, Guidry does not contend that the arbitration agreement is invalid.


 
Therefore, the issue before this Court is whether Guidry’s claims are within the scope of the
arbitration clause. 
Scope of the Arbitration Clause
           In his sole issue, Colosi contends that all of Guidry’s claims are subject to the
arbitration agreement. Colosi argues that, even though the claims against Colosi are cast in
tort, those claims “are inextricably enmeshed and factually intertwined” with that agreement
and, because Guidry’s tort claim against Colosi is for fraud in the inducement, it is a matter
for the arbitrator to decide, citing Pepe International. See 915 S.W.2d at 930. Colosi also
argues that, although Guidry refers to two contracts, he made claims only under the Bird-Dog
Agreement.
           1. The Tort Claims
           The arbitration clause in this case was broad, requiring the arbitration of “any disputes
arising out of, under or related to this Agreement.” Guidry’s claim that Colosi made false
statements to Guidry and fraudulently induced Guidry to enter into “written agreements” with
NSI is clearly related to the Bird-Dog Agreement. Allegations of fraud in the inducement
of the underlying contract are matters for the arbitrator to decide. Pepe Int’l, 915 S.W.2d at
930. 
           Guidry’s allegations against Colosi were for fraud in the inducement. Therefore, the
claims against Colosi relating to the Bird-Dog Agreement are within the scope of the
arbitration clause. Accordingly, we sustain Colosi’s issue as it relates to the Bird-Dog
Agreement. 
           2. The Second Agreement
           Colosi contends that all of Guidry’s claims are controlled by the Bird-Dog Agreement,
noting that the Bird-Dog Agreement is the only agreement attached to the pleadings. 
           Guidry contended in the trial court and contends on appeal that he was fraudulently
induced to enter into a second agreement, which was also breached by the defendants. In his
petition, Guidry alleged the following regarding this second agreement:
Shortly after entering into the “bird-dog agreement,” Defendant sought
out Plaintiff for an even closer business association. Defendant Marc Colosi
told Plaintiff he needed executive recruiters to which his company, NSI, could
refer all non-staff nursing placements. In essence, Defendant was looking for
a business relationship whereby his company would be paid a referral fee for
referring all non-staff nursing placements to outside recruiters. In an effort to
induce Plaintiff to enter into such agreement, Defendant Marc Colosi made
numerous representations to Plaintiff, including statements that NSI had turned
down close to one million dollars worth of executive search assignments in
2001 due to lack of such agreements. Consequently, Plaintiff entered into an
agreement with Defendant. 

           It was Colosi’s burden to establish the existence of a valid arbitration agreement and
to show that Guidry’s claims fell within the scope of the agreement. See Williams Indus.,
110 S.W.3d at 134. Colosi moved to arbitrate only the Bird-Dog Agreement. Therefore, he
has not carried his burden with respect to the second agreement. We overrule Colosi’s issue
as it relates to the second agreement. 
           We reverse the order of the trial court as it relates to the arbitration of Guidry’s claims
against Colosi under the Bird-Dog Agreement and render an order compelling arbitration of
those claims. We affirm the order of the trial court as it relates to the arbitration of Guidry’s
claims against Colosi under the second agreement. We remand the cause to the court below
for further proceedings consistent with this opinion. 
 


                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.